UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER G. FLANNERY, as Public
Administratrix of the Estate of
Leroy Cheek, III, Deceased,

        Plaintiff,                     23-CV-864 (JLS) (LGF)

  v.

COUNTY OF NIAGARA, SHERIFF
MICHAEL J. FILICETTI,
PRIMECARE MEDICAL OF NEW
YORK, INC., PRIMECARE MEDICAL,
INC., DR. ANA NATASHA
CERVANTES, NIAGARA COUNTY
SHERIFF'S DEPUTIES JOHN DOES
1-5,
        Defendants.
_____



## DECISION AND ORDER

Plaintiff commenced an action in Supreme Court, Niagara County on May 25, 2023 asserting claims against Defendants under federal and state law relating to the death of Leroy Cheek, III, a pretrial detainee at the Niagara County Jail. *See* Dkt. 1-1.[1] Defendants removed the action to this Court on August 22, 2023. Dkt. 1. The case has been referred to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 12.

---

[1] The original Complaint named the following Plaintiffs: Margaret Palumbo and Leroy Cheek Jr., as Proposed Administratrix of the Estate of Leroy Cheek, III, Deceased. *See* Dkt. 1-1. The Amended Complaint, filed on June 26, 2023, substituted Jennifer G. Flannery, as Public Administratrix of the Estate of Leroy Cheek, III, Deceased, as Plaintiff. *See* Dkt. 1-4.

Defendants County of Niagara (the "County") and Michael J. Filicetti (collectively, the "County Defendants") moved to dismiss. Dkt. 10. Defendant Dr. Ana Natasha Cervantes also moved to dismiss. Dkt. 11. Plaintiff opposed both motions, Dkt. 16, and Defendants replied. Dkt. 17 (County Defendants); Dkt. 18 (Cervantes).[2]

On May 15, 2024, Judge Foschio issued the R&R. Dkt. 24.[3] As to the County Defendants' [10] motion, he recommends that this Court grant the motion "without prejudice with respect to Plaintiff's First, Second and Third Causes of Action; without prejudice with respect to Plaintiff's Fourth, Fifth, Sixth and Seventh Causes of Action against Niagara County; with prejudice with respect to Plaintiff's Eighth Cause of Action against Niagara County; with prejudice with respect to Plaintiff's Fourth, Fifth, Sixth, and Eighth Causes of Action against Sheriff Filicetti; and without prejudice with respect to the Seventh Cause of Action against Sheriff Filicetti." *Id.* at 158.

As to Cervantes's [11] motion, Judge Foschio recommends that this Court grant the motion "without prejudice with respect to Plaintiff's First, Fourth, Sixth, Seventh and Eighth Causes of Action." *Id.* Lastly, he recommends that the "John Doe Defendants 1-5 should be DISMISSED without prejudice." *Id.*

Plaintiff objected to the R&R. Dkt. 28. Specifically, she objects to the R&R's conclusions as to (1) the Fourth cause of action (negligence) against the County; (2) the

---

[2] Judge Foschio also ordered Plaintiff to show cause "why this action against the John Doe Defendants 1-5 should not be dismissed for failure to comply with Rule 4(m)." Dkt. 21. Plaintiff opposed dismissal of these claims. Dkt. 22. The County Defendants responded, arguing that Amended Complaint should be dismissed "in its entirety, on the merits, and with prejudice as against the John Does . . . ." *See* Dkt. 23-1 at 13.

[3] This Court presumes familiarity with the R&R. It provides a brief summary, as relevant, herein.

Seventh cause of action (wrongful death) against the County; and (3) the Eighth cause of action (negligent hiring, training, and retention of employees) against the County. *See id.* The County Defendants and Cervantes opposed the objections. Dkt. 30-31.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court has carefully reviewed the R&R, the objections, and the relevant record. Based on its *de novo* review, the Court accepts Judge Foschio's recommendation. Plaintiff may assert the legal theories discussed in her first and second objections in her amended complaint.

For the reasons above and in the R&R, this Court GRANTS the [10] and [11] motions to dismiss. Plaintiff is granted leave to amend as detailed in the R&R. Plaintiff's claims against the John Doe Defendants are DISMISSED without prejudice.

3

The case is referred back to Judge Foschio in accordance with the [12] referral order.

SO ORDERED.

Dated:   January 31, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE